1
2
3
4
5
6
7
8
9
10
11
12

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

13
14
15
16
17
18
19

| | |
|---|---|
| RITA ADE-FOSUDO, JACQUELINE PAIGE, and HEAVENLY MARTIN individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>  v.<br><br>VIKI, INC.,<br><br>    Defendant. | Case No. 3:23-cv-02161-RFL-LB<br><br>**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

20

21  This matter came before the Court for hearing pursuant to the Order Granting Plaintiffs' Motion
22  for Preliminary Approval of Class Action Settlement, dated June 3, 2025 ("Preliminary Approval
23  Order"), on the motion of Plaintiffs Rita Ade-Fosudo, Jacqueline Paige, and Heavenly Martin for
24  approval of proposed class action settlement with Defendant Viki, Inc. Due and adequate notice having
25  been given of the Settlement as required by the Preliminary Approval Order, the Court having
26  considered all papers filed and proceedings conducted herein, and good cause appearing therefor, it is
27  hereby **ORDERED**, **ADJUDGED** and **DECREED** as follows:
28

1. This Order incorporates by reference the definitions in the Class Action Settlement Agreement and Release with Defendant dated April 10, 2025 (the "Settlement Agreement") and the Preliminary Approval Order, and all defined terms used herein that are defined in the Settlement Agreement or the Preliminary Approval Order have the same meanings ascribed to them in those respective documents.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties thereto, and venue is proper in this Court.

3. The Court reaffirms and makes final its provisional findings, rendered in the Preliminary Approval Order, that, for purposes of the Settlement only, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied. The Court accordingly certifies the following Settlement Class:

> All persons who, between January 12, 2016, and July 30, 2024, requested or obtained video content on the Viki website (viki.com) while in the United States and at a time the person had a Facebook account and also had a Viki account.

4. Excluded from the Settlement Class are Defendant Viki, Inc., its parents, subsidiaries, affiliates, officers, directors, and employees, and employees of Viki's parents, subsidiaries, or affiliates; any entity in which Viki has a controlling interest; and all judges assigned to hear any aspect of this litigation, as well as their staff and immediate family members.

5. The Court finds that notice of this Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Settlement, to all Persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process. The Court further finds that the notification requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been met.

6. Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval of the Settlement and finds that it is, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class for the reasons described on the record at the final approval hearing, which are incorporated by reference.

7.  The deadline to file a claim was September 22, 2025.  Except as to any individual claim of those Persons identified in Exhibit 1, if any, who have validly and timely requested exclusion from the Class, the Action and all claims contained therein, as well as all of the Released Claims (including Unknown Claims), are dismissed on the merits and with prejudice. It is hereby determined that all Class Members who did not timely and properly elect to exclude themselves from the Class by a written Request for Exclusion delivered on or before the date set forth in the Preliminary Approval Order and the Notice are bound by the Judgment in this case.

8.  The persons and entities identified in Exhibit 1 hereto requested exclusion from the Class as of the Objection or Opt-out Deadline.  These persons and entities shall not share in the benefits of the Settlement and the Judgment in this case does not affect their legal rights to pursue any claims they may have against Viki.  All other members of the Class are hereinafter barred and permanently enjoined from prosecuting any Released Claims against Viki in any court, administrative agency, arbitral forum, or other tribunal.

9.  Upon the Effective Date, Releasing Plaintiffs shall be deemed to have, and by operation of the Judgment in this case shall have, fully, finally, and forever released, relinquished, and discharged the Released Defendant from all Released Claims.  The Settlement Administrator shall distribute the settlement payments to Approved Claimants within seven days of the Effective Date.

10.  Neither Class Counsel's application for attorneys' fees, reimbursement of litigation expenses, and service awards for Plaintiffs, nor any order entered by this Court thereon, had any effect on the final approval determination, and all such matters were considered separately from final approval.

11.  The Parties shall bear their own costs and attorneys' fees, except as set forth in the Settlement Agreement, in this Order, the Judgment in this case, or any Order regarding Plaintiffs' request for attorneys' fees, expenses, and service awards.

12.  Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, is or may be deemed to be or may be used as an admission of, or evidence of, (a) the validity of any Released Claim, (b) any wrongdoing or liability of Viki, or (c) any fault or omission of Viki in any proceeding in any court, administrative agency, arbitral forum, or other tribunal.

To the extent permitted by law, neither the Settlement Agreement, the Settlement, the Judgment, any of their terms or provisions, nor any of the negotiations or proceedings connected with them, shall be offered as evidence or received in evidence or used in any way in any pending or future civil, criminal, or administrative action or any other proceeding to establish any liability or wrongdoing of, or admission by Viki. Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order or the Judgment in this case in a proceeding to consummate or enforce the Settlement Agreement or Order, or to defend against the assertion of Released Claims in any other proceeding. All other relief not expressly granted to Class Members is denied.

13. No Class Member or any other person will have any claim against Viki, Plaintiffs, Class Counsel, or the Claims Administrator arising from or relating to the Settlement or any actions, determinations or distributions made substantially in accordance with the Settlement or Orders of the Court.

14. Without affecting the finality of the Judgment in this case, this Court reserves exclusive jurisdiction over all matters related to administration, consummation, enforcement, and interpretation of the Settlement, this Order, and the Judgment in this case, including (a) distribution or disposition of the Settlement Fund; (b) further proceedings, if necessary, on the application for attorneys' fees, reimbursement of litigation expenses, and service awards for Plaintiffs; and (c) the Parties for the purpose of construing, enforcing, and administering the Settlement.  If any Party fails to fulfill its obligations under the Settlement, the Court retains authority to vacate the provisions of this Order and the Judgment in this case releasing, relinquishing, discharging, barring and enjoining the prosecution of, the Released Claims against the Releasees, and to reinstate the Released Claims against the Releasees.

15. Class Counsel is hereby awarded $2,400,000 in fees (or 30% of the Settlement Fund), and $58,025.20 in expenses, which the Court finds to be fair and reasonable for the reasons described at the final approval hearing.  Named Plaintiffs are hereby each awarded $2,500 for service awards, which the Court finds to be fair and reasonable for the reasons described at the final approval hearing.

16. Ten percent of Class Counsel's awarded attorneys' fees shall remain in the Settlement Fund until Class Counsel files a Post-Distribution Accounting and the Court authorizes the release to Class Counsel of the attorneys' fees remaining in the Settlement Fund.

17. If the Settlement does not become effective, then this Order and the Judgment in this case shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

18. Without further order of the Court, the Parties may unanimously agree to reasonable extensions of time or other reasonable amendments, modifications, and expansions of the Settlement Agreement necessary to carry out any of the provisions of the Settlement Agreement, provided that such amendments, modifications, and expansions of the Settlement Agreement are not materially inconsistent with this Order and the Judgment in this case and do not materially limit the rights of Class Members or the Released Defendant or Released Plaintiffs under the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: _____October 27, 2025____    _____
                                                               THE HONORABLE RITA F. LIN
                                                                 UNITED STATES DISTRICT JUDGE